NO. 07-04-0465-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 15, 2004

_____


IN RE R. WAYNE JOHNSON, RELATOR
_____


Before JOHNSON, C.J., and REAVIS  and CAMPBELL, JJ.

**MEMORANDUM OPINION ON MOTION FOR RECUSAL
AND PETITION FOR WRIT OF MANDAMUS**

Relator R. Wayne Johnson brings this second petition for writ of mandamus directed against Honorable J. Blair Cherry, judge of the 72nd District Court of Lubbock County, with respect to a suit relator brought in that court.  Relator has contemporaneously filed a motion to recuse this court in this proceeding.  We deny both the motion and petition.

Relator, a Texas prison inmate acting pro se, filed suit against Texas Tech University and Pat Campbell,  which suit was assigned cause number 2004-526,504 in the 72nd District Court.  On  June 22, 2004, the defendants answered and gave notice that relator had been found to be a vexatious litigant under Chapter 11 of the Civil Practice and Remedies Code (Vernon 2002).  On June 25, 2004, the trial court rendered an order dismissing the suit for failure to comply with the procedural requirements applicable to

vexatious litigants.  No appeal was perfected from that order.  Relator filed his first petition for writ of mandamus in this court on August 5, 2004.  We denied the petition, finding relator failed to demonstrate the absence of an adequate remedy by appeal.  *See In re Johnson*, No. 07-04-416-CV (Tex.App.–Amarillo, August 23, 2004) (orig. proceeding) (per curiam).  Relator filed the present petition on September 15, 2004.

We initially address relator's motion to recuse, which seeks recusal of the entire court.  Relator's stated grounds for the court's recusal include statements that the court has ignored the law in "several past mandamus actions," that our August 23 opinion demonstrates a bias and prejudice against him, and that our failure to follow the law contravenes the justices' oaths of office, the Code of Judicial Conduct and our duty to follow the requirements of the United States Constitution rather than contrary procedural rules.  Relator's motion refers to the court as a whole.  It does not ask for the recusal of one or more individual justices of the court, nor does it assert that grounds exist for the recusal of any individual justice of this court.   *See* Tex. R. App. P. 16.2; Tex. R. Civ. P. 18b. *Compare McCullough v. Kitzman*, 50 S.W.3d 87 (Tex.App.–Waco 2001, pet. denied) (motion to disqualify or recuse "each of the justices" of the court).  Relator's motion does not properly invoke the procedures governing recusal of justices, *see* Rule of Appellate Procedure 16.3, and is denied.

A writ of mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.  *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).  It is the relator's burden to show entitlement to the relief being requested.  *See generally Johnson*

-2-

*v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator's petition seeks a writ requiring the trial court to rule on a motion to strike the defendant's pleadings, on which the petition contends the court improperly failed to rule before signing the judgment of dismissal. While a trial court's consideration of and ruling on a properly-filed and pending motion are said to be ministerial acts, a petition for mandamus to require the trial court to rule must demonstrate both that the motion has been brought to the court's attention and the court's refusal to rule. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding); *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex.App.– Amarillo 2001) (orig. proceeding). *See also Metzger v. Sebek,* 892 S.W.2d 20, 49 (Tex.App.–Houston [1st Dist.] 1994, writ denied) (court not required to consider a motion not called to its attention). Relator's petition asserts simply that he filed the motion to strike and the trial court did not rule on it. Merely that a motion is filed with a court clerk does not demonstrate that it has been brought to the judge's attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001) (orig. proceeding). The record does not show, and relator does not allege, that he brought the motion to strike to the court's attention before entry of the judgment of dismissal, or by motion for new trial or other post-judgment motion after its entry. *See* Tex. R. Civ. P. 329b.

Further, the record before us shows the dismissal of trial court cause number 2004-526,504 occurred on June 25, 2004, after defendants' notice concerning relator's status as a vexatious litigant was filed. As noted, the judgment of the trial court, which relator did not appeal, dismissed the suit because of relator's failure to comply with the procedural requirements applicable to vexatious litigants under Chapter 11 of the Civil Practice and

Remedies Code.  Relator's petition for mandamus complains of the court's failure to strike pleadings filed earlier in the litigation.  Such pleadings could have had no bearing on the court's dismissal of relator's suit under Chapter 11.   We have previously determined that relator had an adequate remedy by appeal for the dismissal.  His present petition does not demonstrate otherwise.  For these reasons, relator's petition does not show entitlement to a writ of mandamus, and is denied.

Per Curiam