**Rose McCULLOUGH,
et al., Appellants,**

v.

**Oliver KITZMAN, Appellee.**

No. 10–00–206–CV.

Court of Appeals of Texas,
Waco.

June 27, 2001.

Rehearing Overruled Aug. 8, 2001.

Rose McCullough, Joshua, pro se.

John Cornyn, Atty. Gen. of TX, Andy Taylor, First Asst. Atty. Gen., Michael T. McCaul, Deputy Atty. Gen. for Criminal Justice, Louis V. Carrillo, Asst. Atty. Gen., Leslie B. Vance, Asst. Atty. Gen., Austin, for appellee.

Before Chief Justice DAVIS, VANCE, and GRAY, Justices.

**ORDER**

PER CURIAM.

The plaintiffs-appellants in this case have been denominated in the trial court and in this court as Rose McCullough, individually and as Next Friend for Marian Wallis. *See* Tex.R. Civ. P. 44. We issued an Opinion affirming the trial court's order of dismissal on April 25, 2001. On May 25, 2001, Marian Wallis Spigener,[1] acting on

---

1. We proceed on the assumption that Marian Wallis and Marian Wallis Spigener are one and the same person.

her own behalf, filed a motion to disqualify or recuse each of the justices on this court. On May 30, 2001, a similar motion for disqualification or recusal, signed "Rose McCullough," was sent by facsimile to the Clerk, along with a "Supplement" to the motion. The originals were received and filed on June 5.[2]

■ Disqualification and recusal of appellate judges is controlled by Rule 16 of the appellate rules. TEX.R.APP. P. 16. A motion to disqualify may be raised at any time. *Gulf Maritime Warehouse Co. v. Towers,* 858 S.W.2d 556, 559–60 (Tex. App.—Beaumont 1993, writ denied). Grounds for disqualification are set forth in the Constitution. TEX. CONST. art. V, § 11; *see generally In re Union Pacific Resources Co.,* 969 S.W.2d 427 (Tex.1998) (citing Kilgarlin & Bruch, *Disqualification and Recusal of Judges,* 17 ST. MARY'S L.J. 599 (1986)). Texas Rule of Civil Procedure 18b also lists the instances in which a justice is disqualified to hear a matter. TEX.R. CIV. P. 18b(1). The appellate rules do not currently provide a procedure for filing a motion for disqualification, so we have followed the recusal procedure to address the disqualification motions. TEX. R.APP. P . 16.3; *Sears v. Olivarez,* 28 S.W.3d 611, 615 (Tex.App.—Corpus Christi 2000, no pet.).

■ Rule 16.3(a) states that a motion to recuse a justice "before whom *the case is pending,"* must be filed "promptly after a party has reason to believe that the justice or judge should not participate *in deciding the case."* TEX.R.APP. P. 16.3(a) (italics

added). The italicized portions of the Rule indicate that once the opinion is issued, the time for filing the motion has expired. Therefore, both motions to recuse are subject to being denied as untimely filed.[3]

Nevertheless, because we have never addressed the timeliness of a motion to recuse under Rule 16, we have utilized the procedure set forth in the Rule to address the merits of the motions to recuse. TEX. R.APP. P. 16. Rule 18b lists the reasons why a justice should recuse himself or herself in a pending matter. TEX.R. CIV. P. 18b(2).

Under Rule 16.3, after receipt of the motions and prior to any further proceeding in this case, each of the three justices of this court considered each motion in chambers. TEX.R.APP. P. 16.3(b). Chief Justice Rex Davis and Justices Bill Vance and Tom Gray each found no reason to disqualify or recuse himself and, under Rule 16.3(b), certified the issue to the entire court. *Id.; Manges v. Guerra,* 673 S.W.2d 180, 185 (Tex.1984). The court then decided each motion with respect to each challenged justice by a vote of the remaining justices sitting en banc. *See id.; Resendez v. Schwartz,* 940 S.W.2d 714, 715 (Tex.App.—El Paso 1996, no writ). No challenged justice sat with the remainder of the court when his challenge was considered. *See* TEX.R.APP. P. 16.3; *Manges,* 673 S.W.2d at 185.

■ In each instance, a majority of the remaining justices found that the justice under consideration, being one of the three duly elected justices of this court, is not

---

**2.** No explanation has been given for Marian Wallis Spigener's now appearing on her own behalf. Nevertheless, we will address her motion to disqualify or recuse us along with McCullough's motion seeking the same relief. We also have pending another motion filed by Spigener and other motions filed by McCullough in her individual capacity, that is, in

which she does not seek to act as "next friend" for Spigener. We have delayed acting on any of those motions until we acted on the motions to disqualify or recuse us.

**3.** We have found no published case addressing the timeliness of a motion to recuse an appellate justice.

89

disqualified under article V, section 11 of the Texas Constitution, *i.e.,* does not have an interest in the subject matter of the controversy, is not related to a party by affinity or consanguinity within the third degree, and has not been counsel in the case. TEX. CONST. art. V, § 11; TEX. R.APP. P . 16.1; TEX.R. CIV. P. 18b(1). Each motion to disqualify is denied with respect to each justice on this court.

The determination of whether recusal is necessary must be made on a case-by-case fact-intensive basis. *Williams v. Viswanathan,* 2001 WL 23151 (Tex.App.—Amarillo, January 8, 2001). In each instance, a majority of the remaining justices of this court found no reason to recuse the justice under consideration.[4] TEX.R.APP. P. 16.2, 16.3(b); TEX.R. CIV. P. 18b(2). Each motion to recuse is denied with respect to each justice on this court.

---

4. Justice Bill Vance and Assistant Attorney General Leslie B. Vance, the lawyer representing Appellee Kitzman, are not related. *See* TEX.R. CIV. P. 18b(2)(g).