COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-054-CV
 
THE CADLE COMPANY AND       
           
           
           
           
        APPELLANTS
DANIEL C. CADLE
V.
DAVID B. LOBINGIER AND       
           
           
           
           
          
APPELLEES
THE STATE OF TEXAS
 
------------
FROM THE 48
TH DISTRICT COURT OF TARRANT
COUNTY
------------
ORDER
------------
Appellants, The Cadle Company and Daniel C. Cadle, are appealing from a
turnover order signed by the 48th Judicial District
Court of Tarrant County, Texas on November 27, 2002. The turnover order grants
applications for turnover, for the benefit of David B. Lobingier and the State
of Texas, of certain claims, causes of action, and property owned by The Cadle
Company, in order to satisfy prior judgments against Appellants. The order
further grants permanent injunctive relief against The Cadle Company and its
officers, directors, shareholders, and employees, including Daniel C. Cadle, to
maintain the status quo as to the subject claims, causes of action, and
property. The turnover order also orders Daniel C. Cadle to execute all
documents and assignments necessary to effectuate the order. The Cadle Company
filed its notice of appeal from the turnover order on February 21, 2003. Daniel
C. Cadle filed a notice of appeal on February 27, 2003. The clerk's record was
filed in this court on March 26, 2003. An amended reporter's record was filed on
June 23, 2003. Briefing deadlines have not yet been set nor has the case been
set for submission. Currently pending before this court is "Appellants'
Motion to Recuse Justices of the Second Court of Appeals and Transfer
Case," filed on May 13, 2003.
Appellants' motion seeks recusal of all justices of this court and
transfer of this case to another court of appeals based upon: (1) this court's
alleged "financial interest" in the portion of the turnover order that
benefits the State of Texas; (2) an alleged "appearance of
impropriety" that will arise if the justices of this court decide the
appeal because two of the justices have been named as defendants in federal
lawsuits filed by Appellants; and (3) an alleged bias against Appellants as
shown by prior rulings by this court adverse to Appellants.
Recusal of appellate justices or judges is governed by Rule 16 of the
appellate rules. Tex. R. App. P. 16. The grounds for recusal of an appellate
justice or judge "are the same as those provided in the Rules of Civil
Procedure." Tex. R. App. P. 16.2. Those grounds are set forth in Rule 18b
of the Texas Rules of Civil Procedure and require, as pertinent here, that a
judge shall recuse himself or herself "in any proceeding in which [the
judge's] impartiality might reasonably be questioned"; when the judge has a
"personal bias or prejudice concerning the subject matter or a party";
or when the judge knows that he or she, individually or as a fiduciary,
"has a financial interest in the subject matter in controversy." Tex.
R. Civ. P. 18b(2)(a), (b), (e).(1)
Rule 16.3 of the Texas Rules of Appellate Procedure prescribes the
procedure to be followed for recusal of an appellate judge or justice:

        Before
 any further proceeding in the case, the challenged justice or judge must
 either remove himself or herself from all participation in the case or certify
 the matter to the entire court, which will decide the motion by a majority of
 the remaining judges sitting en banc. The challenged justice or judge must not
 sit with the remainder of the court to consider the motion as to him or her.

Tex. R. App. P. 16.3(b).
Pursuant to the procedure set forth in Rule 16.3, upon the filing of
the recusal motion and prior to any further proceedings in this appeal, each of
the seven duly elected justices of this court considered the motion in chambers.
Id. Justices Dixon Holman and Sue Walker recused
themselves because of prior participation in related proceedings in the trial
court. Chief Justice John Cayce and Justices Sam Day, Terrie Livingston, Lee Ann
Dauphinot, and Anne Gardner each found no reason to recuse themselves and
certified the issue in writing to the entire court. Id.; see
McCullough v. Kitzman, 50 S.W.3d 87, 88 (Tex. App.--Waco 2001, pet.
denied). This court then decided the motion with respect to each remaining
challenged justice by a vote of the other remaining justices sitting en banc. See
McCullough, 50 S.W.3d at 88 (citing Manges v. Guerra,
673 S.W.2d 180, 185 (Tex. 1984)). No challenged justice sat with the remainder
of the court when his or her challenge was considered. Tex. R. App. P. 16.3(b); McCullough,
50 S.W.3d at 88.
Determination as to whether recusal is necessary must be made on a
case-by-case, fact-intensive basis. McCullough, 50 S.W.3d
at 89. As to each of the challenged justices who certified the issue to the
entire court, a majority of the remaining justices of this court found no reason
to recuse the justice under consideration. Tex. R. App. P. 16.2, 16.3(b)(2);
Tex. R. Civ. P. 18b(2). Accordingly, Appellants' motion to recuse the remaining
five justices of this court and to transfer this case to another court of
appeals is denied.
 
DATED July 3, 2003.
 
          
           
           
           
           
           
PER CURIAM
 
EN BANC
HOLMAN and WALKER, JJ., Recused.

1. Rule 18a of the Texas Rules of Civil Procedure requires
that a motion for recusal "shall be verified," and must be made on
personal knowledge and set forth such facts as would be admissible in evidence,
except that facts may be stated upon information and belief if the grounds for
such belief are specifically stated. Tex. R. Civ. P. 18a(a). Appellants' motion
to recuse is not verified nor does it affirmatively state whether facts set
forth in the motion are based upon personal knowledge or information and belief.
If a party does not comply with the mandatory requirements of Rule 18a in the
trial court, he waives his right to complain of a judge's refusal to recuse
himself. Gill v. Tex. Dep't of Criminal Justice, 3 S.W.3d
576, 579 (Tex. App.--Houston [1st Dist.] 1999, no pet.);
McElwee v. McElwee, 911 S.W.2d 182, 186 (Tex.
App.--Houston [1st Dist.] 1995, writ denied). We have
proceeded to hear the motion in absence of definitive language in the appellate
rules or case law providing guidance as to whether the requirement of
verification applies to motions in the appellate courts. See
Woodruff v. Wright, 51 S.W.3d 727, 735 (Tex. App.--Texarkana 2001, pet.
denied) (proceeding to hear motion filed in trial court although it was not
verified as required by rule 18a).