IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00193-CV

 

Sue Walston,

                                                                      Appellant

v.

 

Larry Walston, et al.,

                                                                      Appellees

 

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 92-3724-1

 



ORDER DENYING MOTIONS TO

RECUSE OR DISQUALIFY



 








          After
Chief Justice Gray certified his recusal, the Chief Justice of the Supreme
Court of Texas assigned the Honorable R. Al Scoggins, Jr., an active district
judge to sit as a member of the panel in this case.  Before Judge Scoggins was
assigned, Sue Walston filed motions to disqualify or recuse Justices Vance and
Reyna.  After Judge Scoggins’s assignment, Walston filed an objection to the
assignment and a motion to disqualify or recuse Judge Scoggins.

          Disqualification and recusal of
appellate judges is controlled by Rule 16 of the appellate rules.[1] 
Tex. R. App. P. 16.  A motion to
disqualify may be raised at any time.  McCullough v. Kitzman, 50 S.W.3d
87, 88 (Tex. App.—Waco 2001, order).  Grounds for disqualification are set
forth in the Constitution.  Tex. Const.
art. V, ' 11; see generally In re Union Pac. Res. Co.,
969 S.W.2d 427 (Tex. 1998) (citing Kilgarlin & Bruch, Disqualification
and Recusal of Judges, 17 St. Mary’s
L.J. 599 (1986)).  Texas Rule of Civil Procedure 18b also lists the
instances in which a justice is disqualified to hear a matter.  Tex. R. Civ. P. 18b(1).  The appellate
rules do not currently provide a procedure for filing a motion for
disqualification, so we have followed the recusal procedure to address the
disqualification motions.  Tex. R. App.
P. 16.3; McCullough, 50 S.W.3d at 88.

          We have also utilized the procedure
set forth in the rule to address the merits of the motions to recuse.  Tex. R. App. P. 16.  Rule 18b lists the
reasons why a justice should recuse himself or herself in a pending matter.  Tex. R. Civ. P. 18b(2).  

          Under Rule 16.3, after receipt of the
motions and prior to any further proceeding in this case, Justices Vance and
Reyna and Judge Scoggins considered the motions in chambers.[2]
 Tex. R. App. P. 16.3(b).  None
of them found a reason to disqualify or recuse himself and, under Rule 16.3(b),
certified the issue to the panel assigned to this case.  Id.; McCullough,
50 S.W.3d at 88.  The panel then decided each motion with respect to the
challenged justice or judge by a vote of the remaining members.  See id. 
No challenged justice or judge sat with the remainder of the panel when his
challenge was considered.  See Tex.
R. App. P. 16.3; McCullough, 50 S.W.3d at 88.

          In each instance, the other members of
the panel found that the justice or judge under consideration is not
disqualified under article V, section 11 of the Texas Constitution, i.e.,
does not have an interest in the subject matter of the controversy, is not
related to a party by affinity or consanguinity within the third degree, and
has not been counsel in the case.  Tex.
Const. art. V, ' 11; Tex.
R. App. P. 16.1; Tex. R. Civ.
P. 18b(1).  Each motion to disqualify is denied with respect to the justice or
judge who was challenged.

          The determination of whether recusal
is necessary must be made on a case‑by‑case, fact‑intensive
basis.  McCullough, 50 S.W.3d at 89.  In each instance, the remaining
members of the panel found the motion without merit and found no reason to
recuse the justice or judge under consideration.  Tex. R. App. P. 16.2, 16.3(b); Tex. R. Civ. P. 18b(2).  Each motion to recuse is denied with
respect to the justice or judge who was challenged.

          Walston cites Justice Gammage’s
Declaration of Recusal in Rogers v. Bradley, 909 S.W.2d 872 (Tex. 1995), in support of her motions.  We note, however, Justice Enoch’s response in which
he observes that four other members of the court, who were similarly
challenged, neither recused themselves nor were recused by the court.  Id. at 880 (Enoch, J. responding).

PER CURIAM

Before Justice Vance,

Justice
Reyna, and

Judge
Scoggins[3]

Motions denied

Order issued and filed
April 19, 2006

[CV06]









[1]
          We will apply the appellate
rules even though one panel member is a district judge.

 





[2]
          As noted at the beginning of
this order, Walston has also filed an objection to Judge Scoggins’s
assignment.  See Tex. Gov’t Code
Ann. § 75.551(b) (Vernon 2005).  However, an active district judge “is
not subject to an objection” under section 75.551.  Id. § 75.551(e)
(Vernon 2005).





[3]
          The Honorable R. Al Scoggins,
Jr., Judge of the 378th District Court of Ellis County, sitting by assignment
of the Chief Justice of the Supreme Court of Texas pursuant to section
74.003(h) of the Government Code.  See Tex.
Gov’t Code Ann. ' 74.003(h) (Vernon 2005).








, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). If the court's resolution of a controverted issue is
supported by the record, a reviewing court should not disturb that decision. Muniz v. State, 851
S.W.2d 238, 252 (Tex. Crim. App.), cert. denied, — U.S. —, 114 S.Ct. 116, 126 L.Ed.2d 82
(1993).
      Circumstances short of probable cause will permit a temporary investigative stop for the
purposes of gathering information or to determine whether a crime has been committed. Terry v.
Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Terry also authorizes an officer,
without probable cause for arrest, to conduct a limited search of the detainee's outer clothing for
weapons when specific and articulable facts lead him to reasonably conclude that the person with
whom he is dealing is armed and dangerous. Id., 392 U.S. at 21, 88 S.Ct. at 1883. The purpose
of a limited search for weapons following an investigative stop is not to discover evidence of a
crime, but to allow the officer to pursue the investigation without fear of violence. Davis v. State,
829 S.W.2d 218, 220 (Tex. Crim. App. 1992) (quoting Wood v. State, 515 S.W.2d 300, 306
(Tex. Crim. App. 1974)).
      The court, as the exclusive trier of fact and judge of the credibility of the witnesses, could
believe DeLouche's version of the events that the Terry frisk took place within nine minutes after
the initial contact. See Romero, 800 S.W.2d at 543. DeLouche testified that the men were
"nervous and fidgety" in a suspicious place, that their location in Hearne did not match their
explanation given that they were on the way to Lake Somerville, and that the dog had to be
contained in the van before the pat down could occur.
      Having reviewed the record, we do not find that the court erred in denying the motion to
suppress. We overrule the point and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 6, 1994
Do not publish