NO. 07-06-0443-CV





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 20, 2006


______________________________



A.R.M. (U.S.A.) , INC.,



 Appellant


V.



TRACI LINCOLN and LONNIE LINCOLN,


 

 Appellees

_________________________________



FROM THE 99th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-530,432; HONORABLE WILLIAM SOWDER, PRESIDING


_______________________________



ORDER DISMISSING APPEAL


 _______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 

 Appellant, by and through its attorney, has filed an unopposed motion to dismiss
because this court no longer has jurisdiction to hear this appeal. Without passing on the
merits of the case, we grant the motion pursuant to Texas Rule of Appellate Procedure
42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellant's request, no
motion for rehearing will be entertained, and our mandate will issue forthwith.



 Brian Quinn

 Chief Justice



than contrary procedural rules. The grounds
for recusal of an appellate court justice are the same as those provided in the Rules of Civil
Procedure. Tex. R. App. P. 16.2; Tex. R. Civ. P. 18b(2). Those grounds include, inter alia,
circumstances in which a judge's impartiality might reasonably be questioned and in which
a judge has a personal bias or prejudice concerning the subject matter or a party. Tex. R.
Civ. P. 18b(2)(a), (b). The procedures governing recusal provide for motions "to recuse
a justice or judge before whom the case is pending" and provide for a decision on the
motion regarding the "challenged justice or judge." Tex. R. App. P. 16.3(a), (b) (emphasis
ours). See McCullough v. Kitzman, 50 S.W.3d 87 (Tex.App.-Waco 2001, pet. denied)
(motion to disqualify or recuse "each of the justices" of the court). But see Cadle Co. v.
Lobingier, 2003 WL 21525417 (Tex.App.-Fort Worth, July 3, 2003, order). Relator's
motion, however, refers to this Court as a whole, his prayer for relief asking "[t]hat court
recuse itself . . . ." The motion does not seek the recusal of one or more individual justices
of the Court, nor does it assert that grounds exist for the recusal of any individual justice
of this Court. Consequently, relator's motion to recuse is denied. 

 Per Curiam 
1. Relator is a Texas prison inmate acting pro se. We presume relator's reference
to "case numbers" refers to cause numbers the Court assigns to newly-filed proceedings.
2. See In re R. Wayne Johnson, No. 07-0603, September 14, 2007 (petition for writ
of mandamus denied). Relator's petition was pending in the supreme court when he filed
his motion to recuse.