NO. 07-07-0245-CV and 07-07-0431-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 2, 2007


______________________________



IN RE R. WAYNE JOHNSON, RELATOR


_________________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON MOTION FOR RECUSAL


 Pending before the Court is the motion brought by relator R. Wayne Johnson to
recuse the Court with regard to his writs of mandamus filed in this Court and directed
against two district judges. 

 Relator's motion seeks recusal of this entire Court. We have denied a similar
motion filed by relator in the past. In re Johnson, 2004 WL 2331065 (Tex.App.-Amarillo
2004, orig. proceeding). Here, relator's stated grounds for the Court's recusal include his
statements that the clerk of this Court does not provide case numbers to prisoners; (1) that
relator has pending in the Texas Supreme Court a mandamus proceeding directed against
this Court; (2) that this Court has failed to comply with the Supremacy Clause of the United
States Constitution; and that this Court has shown bias and prejudice against him, contrary
to the justices' oaths of office, the Code of Judicial Conduct and our duty to follow the
requirements of the U. S. Constitution rather than contrary procedural rules. The grounds
for recusal of an appellate court justice are the same as those provided in the Rules of Civil
Procedure. Tex. R. App. P. 16.2; Tex. R. Civ. P. 18b(2). Those grounds include, inter alia,
circumstances in which a judge's impartiality might reasonably be questioned and in which
a judge has a personal bias or prejudice concerning the subject matter or a party. Tex. R.
Civ. P. 18b(2)(a), (b). The procedures governing recusal provide for motions "to recuse
a justice or judge before whom the case is pending" and provide for a decision on the
motion regarding the "challenged justice or judge." Tex. R. App. P. 16.3(a), (b) (emphasis
ours). See McCullough v. Kitzman, 50 S.W.3d 87 (Tex.App.-Waco 2001, pet. denied)
(motion to disqualify or recuse "each of the justices" of the court). But see Cadle Co. v.
Lobingier, 2003 WL 21525417 (Tex.App.-Fort Worth, July 3, 2003, order). Relator's
motion, however, refers to this Court as a whole, his prayer for relief asking "[t]hat court
recuse itself . . . ." The motion does not seek the recusal of one or more individual justices
of the Court, nor does it assert that grounds exist for the recusal of any individual justice
of this Court. Consequently, relator's motion to recuse is denied. 

 Per Curiam 
1. Relator is a Texas prison inmate acting pro se. We presume relator's reference
to "case numbers" refers to cause numbers the Court assigns to newly-filed proceedings.
2. See In re R. Wayne Johnson, No. 07-0603, September 14, 2007 (petition for writ
of mandamus denied). Relator's petition was pending in the supreme court when he filed
his motion to recuse.