IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00297-CV

 

In the
Matter of the Estate of

John A.
Teinert, Deceased

 

 

 

 



From the County Court at Law

Coryell County, Texas

Trial Court No. 5115

 



ORDER denying motion to recuse

or, in the alternative, to disqualify



 








            Appellant Laurance A. Kriegel has
filed a motion to recuse or alternatively to disqualify each of the justices of
this Court.

            Disqualification and recusal of
appellate judges is controlled by Rule 16 of the appellate rules.  Tex. R. App. P. 16.  A motion to
disqualify may be raised at any time.  McCullough v. Kitzman, 50 S.W.3d
87, 88 (Tex. App.—Waco 2001, order).  Grounds for disqualification are set
forth in the Constitution.  Tex. Const.
art. V, § 11; see generally In re Union Pac. Res. Co., 969 S.W.2d 427 (Tex. 1998) (citing Kilgarlin & Bruch, Disqualification and Recusal of Judges, 17
St. Mary’s L.J. 599 (1986)).  Texas Rule of Civil Procedure 18b also lists the
instances in which a justice is disqualified to hear a matter.  Tex. R. Civ. P. 18b(1).  The appellate
rules do not currently provide a procedure for filing a motion for
disqualification, so we have followed the recusal procedure to address the
disqualification motion.  Tex. R. App.
P. 16.3; McCullough, 50 S.W.3d at 88.

            We have also utilized the procedure
set forth in the rule to address the merits of the motion to recuse.  Tex. R. App. P. 16.  Rule 18b lists the
reasons why a justice should recuse himself or herself in a pending matter.  Tex. R. Civ. P. 18b(2).

            Under Rule 16.3, after receipt of the
motions and prior to any further proceeding in this case, Chief Justice Gray
and Justices Vance and Reyna each considered the motion in chambers.  Tex. R. App. P. 16.3(b).  None of them
found a reason to disqualify or recuse himself and, under Rule 16.3(b),
certified the issue to the panel assigned to this case.  Id.; McCullough,
50 S.W.3d at 88.  The panel then decided each motion with respect to the
challenged justice by a vote of the remaining members.  See id.  No
challenged justice sat with the remainder of the panel when his challenge was
considered.  See Tex. R. App.
P. 16.3; McCullough, 50 S.W.3d at 88.

            In each instance, the other members of
the panel found that the justice under consideration is not disqualified under
article V, section 11 of the Texas Constitution, i.e., does not have an
interest in the subject matter of the controversy, is not related to a party by
affinity or consanguinity within the third degree, and has not been counsel in
the case.  Tex. Const. art. V, §
11; Tex. R. App. P. 16.1; Tex. R. Civ. P. 18b(1).  Therefore, the
motion to disqualify is denied with respect to each justice.

            The determination of whether recusal
is necessary must be made on a case‑by‑case, fact‑intensive
basis.  McCullough, 50 S.W.3d at 89.  In each instance, the remaining
members of the panel found the motion without merit and found no reason to
recuse the justice under consideration.  Tex.
R. App. P. 16.2, 16.3(b); Tex. R.
Civ. P. 18b(2).  Therefore, the motion to recuse is denied with respect to
each justice.

                                                                                                PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Motion
denied

Order
issued and filed January 30, 2008