Rose McCULLOUGH, Appellant

v.

DEVON ENERGY PRODUCTION
COMPANY, L.P., Appellee.

No. 10–08–00005–CV.

Court of Appeals of Texas,
Waco.

June 18, 2008.

Rose McCullough, pro se.

Kelly J. Curnutt, for Devon Energy Production.

## NOTE RELATED TO ORDER DENYING MOTION TO DISQUALIFY OR RECUSE

TOM GRAY, Chief Justice.

### BACKGROUND

A motion to recuse two sitting justices, Justice Vance and me, has been filed in this proceeding. The motion sought to disqualify or recuse only two of the sitting members of the Court, though it was also addressed to a former member of the Court, Rex Davis.[1]

### OVERVIEW

Justice Reyna, alone, could and should decide this motion. I have found no authority to support the position that the concurrence of two justices is necessary for a decision in this instance. This is a correct proposition for opinions on the merits, but not on orders; at least that is the way I understand the relevant authority.

### DISCUSSION AND ANALYSIS

A single justice may decide a motion. TEX.R.APP. P. 10.4(a). ("A single justice or judge of an appellate court may grant or deny a request for relief that these rules allow to be sought by motion.") The concurrence of a majority of the justices on a panel is necessary only in connection with the disposition of certain motions. TEX. R.APP. P. 10.4(1) and (2).

But a case must be assigned to a panel consisting of no less than three justices. TEX.R.APP. P. 41.1(a). A disposition of the case must be agreed to by a majority of the panel. Id. If a case is decided without argument, three justices must participate in the decision, and only in unusual circumstances may only the two remaining justices of a panel decide a case. TEX.R.APP. P. 41.1(a), (b) and (c).

In this instance, because the "Court" is acting on a motion to recuse, rather than the disposition of the case, a full panel is not required. Indeed, because it is not one of the types of motions for which a panel is required, a single justice who is not the subject of the motion to recuse can rule on it, and has ruled on the motion as to Justice Vance.

The rule regarding the decision of a recusal motion also specifies a procedure for the decision. Tex.R.App. P. 16.3. It provides that "[b]efore any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc."

---

1. That former member is currently seeking to be elected back to the Court and, at that time, if this proceeding has not been resolved, like a springing executory interest, the need to address the motion as to him may spring forth requiring that it be addressed.

Tex.R.App. P. 16.3(b). The definition of "en banc" thus becomes important. "An en banc court consists of all members of the court who are not disqualified or recused. . . ." Tex.R.App. P. 41.2. The question thus becomes, in reading the two rules together, can a justice against whom a motion to recuse is pending, after providing the requisite certification regarding the motion as to him or her, then consider the motion as it relates to another justice. The rule might allow it, case law has authorized it, and certainly, when a motion is directed against all members of the court, it is a practical necessity or such motions would simply shut down the judicial system as to that case until the motion could be decided by one or more assigned justice(s).

But the question remains, *should* a justice that has a motion to recuse pending against him or her sit as part of the en banc court, if not necessary to do so, to decide a recusal motion against another member of the court that is also the subject of a recusal motion? As for me, I would prefer not to, even if it is not expressly prohibited. I believe the judicial system is better served if the decision regarding recusal is made by justices against whom no motion to recuse is then pending.

The procedure used in *McCullough I* may be appropriate when all members of a court's ability to sit in a case is challenged by a motion to recuse. *McCullough v. Kitzman*, 50 S.W.3d 87 (Tex.App.-Waco 2001, order). But when, as here, there is any justice on the court, who is not the subject of the recusal motion, there is no reason why that justice should not rule on the motion. Thus, I believe the ruling of Justice Reyna on this motion to recuse Justice Vance and me is all that is necessary or required in this case. And by not voting on the motion to recuse as to Justice Vance, I avoid the unseemly problem that occurred when the *McCullough I* procedure was used in *Shaw v. State*. *Shaw v. State*, 202 S.W.3d 185 (Tex.App.-Waco 2005, order).