IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00005-CV

 

Rose L. McCullough,

                                                                                    Appellant

 v.

 

Devon Energy Production Company, LP,

 

                                                                                    Appellee

 

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. C2007000683

 



ORDER



 








            Before the Court is Appellant Rose
McCullough’s “Motion for Disqualification and/or Recusal of Rex D. Davis,[1]
Bill Vance, and Tom Gray as Judges in this Cause.”[2] 
  

            Disqualification and recusal of
appellate judges is controlled by Rule 16 of the appellate rules.  Tex. R. App. P. 16.  A motion to
disqualify may be raised at any time.  McCullough v. Kitzman, 50 S.W.3d
87, 88 (Tex. App.—Waco 2001, order).  Grounds for disqualification are set
forth in the Constitution.  Tex. Const.
art. V, § 11; see generally In re Union Pac. Res. Co., 969 S.W.2d 427 (Tex. 1998) (citing Kilgarlin & Bruch, Disqualification and Recusal of Judges, 17
St. Mary’s L.J. 599 (1986)).  Texas Rule of Civil Procedure 18b also lists the
instances in which a justice is disqualified to hear a matter.  Tex. R. Civ. P. 18b(1).  The appellate
rules do not currently provide a procedure for filing a motion for
disqualification, so we have followed the recusal procedure to address the
disqualification motion.  Tex. R. App.
P. 16.3; McCullough, 50 S.W.3d at 88.

            We have also utilized the procedure
set forth in the rule to address the merits of the motion to recuse.  Tex. R. App. P. 16.  Rule 18b lists the
reasons why a justice should recuse himself or herself in a pending matter.  Tex. R. Civ. P. 18b(2).

            Under Rule 16.3, after receipt of the
motions and prior to any further proceeding in this case, Chief Justice Gray
and Justice Vance both considered the motion in chambers.  Tex. R. App. P. 16.3(b).  Neither of
them found a reason to disqualify or recuse himself and, under Rule 16.3(b),
certified the issue to the panel assigned to this case.  Id.; McCullough,
50 S.W.3d at 88.  The panel then decided each motion with respect to the
challenged justice by a vote of the remaining members.[3] 
See id.  No challenged justice sat with the remainder of the panel when
his challenge was considered.  See Tex.
R. App. P. 16.3; McCullough, 50 S.W.3d at 88.

            In each instance, the other members of
the panel found that the justice under consideration is not disqualified under
article V, section 11 of the Texas Constitution, i.e., does not have an
interest in the subject matter of the controversy, is not related to a party by
affinity or consanguinity within the third degree, and has not been counsel in
the case.  Tex. Const. art. V, §
11; Tex. R. App. P. 16.1; Tex. R. Civ. P. 18b(1).  Therefore, the
motion to disqualify is denied with respect to each justice.

            The determination of whether recusal
is necessary must be made on a case‑by‑case, fact‑intensive
basis.  McCullough, 50 S.W.3d at 89.  In each instance, the remaining
members of the panel found the motion without merit and found no reason to
recuse the justice under consideration.  Tex.
R. App. P. 16.2, 16.3(b); Tex. R.
Civ. P. 18b(2).  Therefore, the motion to recuse is denied with respect
to each justice.

                                                                                                PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray not participating)

Motion
denied

Order
issued and filed June 18, 2008

Do
not publish

 









[1]
              Rex D. Davis is not a justice
of this Court.  Thus, we disregard that portion of McCullough’s motion
purportedly seeking to recuse Davis.

 





[2]
              Although McCullough has failed
to provide proper proof of service despite being directed to do so by notice
from the Clerk of this Court, we will suspend the service requirement and address
McCullough’s motion so that we can proceed to a determination of the merits of
the appeal.  See Tex. R. App. P. 2
(“on its own initiative an appellate court may—to expedite a decision or for
other good cause—suspend a rule’s operation in a particular case”).





[3]
              Chief Justice Gray declined to
vote on the motion with respect to Justice Vance.








60;   Parker contends that he cannot afford even the reduced bail, has no criminal record, has
ties to the community, and is not a flight risk. Although testimony was presented concerning
his ability to make bail, the trial court’s findings, which were supported by the record, were
contrary to Parker’s remaining contentions. Parker is accused of the first degree felony
offense of aggravated sexual assault. Tex. Pen. Code Ann. §22.021 (Vernon Supp. 2000). 
The alleged victim is 13 years of age while Parker is 19 years of age. Parker fled to Louisiana
when he became aware of the allegations against him and after he agreed to take a polygraph
examination. Parker’s mother declined to help investigators locate him.


 He has a DWI
charge pending against him and a juvenile history in Louisiana. He has family and job
prospects in Louisiana. His mother and step-grandmother have only lived in Navarro County,
Texas, for less than one year. There is no evidence in the record of how long Parker has
resided in Navarro County.
      The trial court concluded that the nature of the offense, the possible consequences of a
conviction, and Parker’s history of absenting himself from the State and avoiding contact with
investigators required a substantial bail amount. The trial court also concluded that bail in the
amount of $50,000 was not unreasonable under the circumstances. 
 
 
 
 
 
 
 
Conclusion
      After considering the record and the necessary factors, the trial court did not abuse its
discretion in refusing to reduce Parker’s bail to $15,000


 as he requested. The order of the
trial court is affirmed.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Chief Justice Davis concurring and Justice Vance dissenting)
Affirmed 
Opinion delivered and filed August 9, 2000
Publish