**Motion Denied; Order filed May 2, 2013**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-13-00071-CV

———————

**LIZZIE J. LOVALL, INDIVIDUALLY; KEITH L. SHAW; INDIVIDUALLY: KENNETH L. YOUNG; INDIVIDUALLY; KIM L. SHAW, INDIVIDUALLY, Appellants**

**V.**

**HARRIS COUNTY, TEXAS, INDIVIDUALLY, OFFICIALLY AND VICARIOUSLY; MAY WALKER, CONSTABLE, PRECINCT 7, INDIVIDUALLY; RUTH MCDUGLE, INDIVIDUALLY; DARLA TURNER, INDIVIDUALLY; JOHN K. GEORGE, OFFICIALLY, INDIVIDUALLY; GOW-MING CHAO, INDIVIDUALLY; ET AL, Appellees**

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-23410**

## ORDER

On April 11, 2013, appellants filed a motion seeking recusal of a panel of justices on this court. In the motion, appellants asserted that the justices deprived appellants of their constitutional rights to due process and equal protection.

Rule 16 of the Texas Rules of Appellate Procedure states that the grounds for recusal are the "same as those provided in the Rules of Civil Procedure." Tex. R. App. P. 16.2. Rule 18b(2) of the Texas Rules of Civil Procedure identifies the grounds for recusal. Tex. R. Civ. P. 18b(2); *McCullough v. Kitzman*, 50 S.W.3d 87, 88 (Tex. App.—Waco 2001, pet. denied) (order). It provides, among other matters that a judge shall recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned or he has a personal bias or prejudice concerning a party. Tex. R. Civ. P. 18b(2)(a), (b).

Rule 16.3 of the Texas Rules of Appellate Procedure prescribes the procedure to be followed for recusal of an appellate justice or judge:

> Before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc. The challenged justice or judge must not sit with the remainder of the court to consider the motion as to him or her.

Tex. R. App. P. 16.3(b).

Pursuant to the procedure set forth in rule 16.3(b), upon the filing of the recusal motion and prior to any further proceedings in this appeal, each of the challenged justices of this court considered the motion in chambers. *Id.* Justices Kem Thompson Frost, Jeffrey V. Brown, and J. Brett Busby each found no reason to recuse themselves and certified the matter in writing to the remaining members of the court en banc. *See id.* This court then followed the accepted procedure set

out in rule 16.3(b). *See Manges v. Guerra*, 673 S.W.2d 180, 185 (Tex. 1984); *McCullough*, 50 S.W.3d at 88. The justices, except for Justices Frost and Busby, then deliberated and decided the motion to recuse with respect to each challenged justice by a vote of the remaining participating justices en banc. No challenged justice sat with the other members of the court when his or her challenge was considered. *See* Tex. R. App. P. 16.3(b); *Cannon*, 180 S.W.3d at 601.

Having considered the motion to recuse the panel of justices as to each challenged justice, and finding no basis for recusal, the motion to recuse and amended motion to recuse are **DENIED**, with Justices Frost and Busby not participating in the en banc proceedings.

PER CURIAM

En Banc. (Frost, J. & Busby, J. not participating in the en banc proceedings).