

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-15-00038-CV

_____

### IN THE MATTER OF THE MARRIAGE OF
### AMANDA BRADSHAW
### AND BARNEY BRADSHAW

On Appeal from the County Court at Law
Rusk County, Texas
Trial Court No. 2013-09-482-CCL

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

Barney Bradshaw has filed a pro se motion requesting that each of the three Justices of this Court recuse themselves from an appeal presently pending before the Court styled *In the Matter of the Marriage of Amanda Bradshaw and Barney Bradshaw*, cause number 06-15-00038-CV. Bradshaw's request for recusal is based on the fact that the Justices of this Court recently affirmed the trial court's judgment in Bradshaw's appeal in a criminal matter. *See Bradshaw v. State*, No. 06-14-00165-CR, 2015 WL 2091376 (Tex. App.—Texarkana 2015, pet. filed).

Rule 16.3 of the Texas Rules of Appellate Procedure governs the procedure for deciding a motion to recuse a justice before whom a case is pending in this Court. *See* TEX. R. APP. P. 16.3. This Rule provides:

> Before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc. The challenged justice or judge must not sit with the remainder of the court to consider the motion as to him or her.

TEX. R. APP. P. 16.3(b).

Pursuant to the procedure set forth in Rule 16.3(b), on the filing of the recusal motion, each of the challenged justices of this Court considered the motion in chambers. Chief Justice Josh R. Morriss, III, Justice Bailey C. Moseley, and Justice Ralph K. Burgess each found no reason to recuse themselves and certified the matter to the remaining members of the Court en banc. *See id*; *McCullough v. Kitzman*, 50 S.W.3d 87, 88 (Tex. App.—Waco 2001, pet. denied). This Court then followed the accepted procedure set out in Rule 16.3(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 16.3(b); *see also Manges v. Guerra*, 673 S.W.2d 180, 185 (Tex. 1984);

*McCullough*, 50 S.W.3d at 88. Each recusal was considered on a case-by-case, fact-intensive basis. *See McCullough*, 50 S.W.3d at 89; *Williams v. Viswanathan*, 65 S.W.3d 685, 688 (Tex. App.—Amarillo 2001, no pet.).

Having carefully examined the pleadings and record as to the allegations pertaining to each challenged justice and finding the allegations to be unsubstantiated, each motion to recuse is denied with respect to each challenged justice. The court enters the following orders:

**ORDER DENYING MOTION AS TO CHIEF JUSTICE JOSH R. MORRISS, III**

This Court, Chief Justice Josh R. Morriss, III, not participating, finds no reason to recuse Chief Justice Morriss. *See* TEX. R. APP. P. 16.2; TEX. R. CIV. P. 18b. Accordingly, appellee's motion to recuse Chief Justice Morriss is overruled.

Date: August 25, 2015
PER CURIAM
EN BANC
MORRISS, C.J., not participating

**ORDER DENYING MOTION AS TO JUSTICE BAILEY C. MOSELEY**

This Court, Justice Bailey C. Moseley not participating, finds no reason to recuse Justice Moseley. *See* TEX. R. APP. P. 16.2; TEX. R. CIV. P. 18b. Accordingly, appellee's motion to recuse Justice Moseley is overruled.

Date: August 25, 2015
PER CURIAM
EN BANC
MOSELEY, J., not participating

3

**ORDER DENYING MOTION AS TO JUSTICE RALPH K. BURGESS**

This Court, Justice Ralph K. Burgess not participating, finds no reason to recuse Justice

Burgess.  *See* TEX. R. APP. P. 16.2; TEX. R. CIV. P. 18b.  Accordingly, appellee's motion to recuse

Justice Burgess is overruled.

Date:   August 25, 2015
PER CURIAM
EN BANC
BURGESS, J., not participating