In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00269-CV**
_____

**IN RE COMMITMENT OF RANDY LOUIS DUPREE**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-08-08850 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Randy Louis Dupree as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2015). A jury found that Dupree is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. In one appellate issue, Dupree challenges the denial of his motion to recuse the trial judge. We affirm the trial court's judgment.

We review the denial of a motion to recuse under an abuse of discretion standard. *In re Commitment of Winkle*, 434 S.W.3d 300, 310 (Tex. App.—Beaumont 2014, pet. denied). A judge must be recused when his "impartiality

might reasonably be questioned[]" or he has a "personal bias or prejudice concerning the subject matter or a party[.]" Tex. R. Civ. P. 18b(b)(1), (2). The complaining party "must show that a reasonable person, with knowledge of the circumstances, would harbor doubts as to the impartiality of the trial judge, and that the bias is of such a nature and extent that allowing the judge to serve would deny the movant's right to receive due process of law." *Winkle*, 434 S.W.3d at 311.

In this case, Dupree based his motion to recuse on several instances of conduct by Judge Michael T. Seiler that Dupree argued demonstrated bias and prejudice. Dupree complained of comments that Judge Seiler made during speeches to the Texas Patriots PAC and the Montgomery County Republican Women, as well as comments and slogans made during his re-election campaign. Dupree pointed to the fact that Judge Seiler had also been recused from other cases involving sexually violent predators.

At the recusal hearing, Dupree argued that Judge Seiler had received a public reprimand from the Texas Judicial Conduct Commission ("the Commission").[1] Additionally, Dupree argued that the Texas Legislature had before it an amendment to the SVP statute that sought to eliminate Judge Seiler's exclusive jurisdiction over SVP cases. According to Dupree, both local attorneys

---

[1]Several respondents filed motions to recuse, which the assigned judge addressed in a single hearing.

and non-lawyers had questioned Judge Seiler's behavior. Dupree presented deposition testimony from Dr. John Tennison, an expert witness, regarding the manner in which Judge Seiler treated Tennison when he testified in SVP cases. The assigned judge denied Dupree's motion, stating that he did not believe that Judge Seiler's "attitude, the satire, the poor humor and, truthfully, the misconduct that the Commission found, has come into this court to deny individuals the right to a fair trial."

On appeal, Dupree maintains that the assigned judge abused his discretion by denying the motion to recuse because "Judge Seiler has proven himself to not only lack impartiality as a judge, but also a deep-seated bias towards the subject matter and individuals like Appellant in civil commitment proceedings, proven by the pervasive, well-documented history of extra-judicial comments and actions that he has engaged in for nearly a decade." We first note that this Court has previously addressed whether Judge Seiler's campaign materials and speeches required recusal, and we held that "the assigned judge could reasonably conclude that Judge Seiler's statements did not constitute such bias or prejudice as to deny [the respondent] a fair trial." *In re Commitment of Terry*, No. 09-15-00053-CV, 2015 Tex. App. LEXIS 9570, \*\*4-7 (Tex. App.—Beaumont Sept. 10, 2015, pet. denied) (mem. op.); *see also Winkle*, 434 S.W.3d at 310-13. Additionally, "[t]he

determination of whether recusal is necessary must be made on a case-by-case fact-intensive basis." *McCullough v. Kitzman*, 50 S.W.3d 87, 89 (Tex. App.—Waco 2001, pet. denied). Accordingly, Judge Seiler's recusal in other cases has no bearing on whether the assigned judge abused his discretion by denying Dupree's motion. *See id.*

On April 24, 2015, the Commission considered the following when issuing its public reprimand of Judge Seiler: (1) Judge Seiler's conduct towards attorneys employed by the State Counsel for Offenders and Tennison; (2) the Texas Patriots PAC meeting; and (3) the numerous motions for recusal of Judge Seiler and the granted recusal orders. The Commission concluded that:

> . . . Judge Seiler engaged in numerous instances in which he treated attorneys from the State Counsel for Offenders office, as well as one of their expert witnesses, in a manner that was less than patient, dignified and courteous. While a judge has a duty to maintain order and decorum in the courtroom, which may require that he take appropriate measures to address situations in which an attorney or witness may be acting inappropriately, Canon 3B(4) of the Texas Code of Judicial Conduct prohibits that judge from belittling, degrading and/or demeaning the attorney, witness, or anyone else with whom the judge deals in an official capacity. Moreover, Judge Seiler's comments . . . were sufficiently impatient, discourteous and undignified to cause a reasonable person to perceive that Judge Seiler harbored such a bias against the SCFO attorneys, their expert witness, and the offenders themselves, that a fair trial was not possible. Based on the incidents described above, the Commission concludes that Judge Seiler's conduct constituted willful and persistent violations of Canons 3B(4) and 3B(5) of the Texas Code of Judicial Conduct, and Article V, §I-a(6)A of the Texas Constitution.

4

. . . Judge Seiler's presentation before the Texas Patriots PAC could cause a reasonable person to perceive that Judge Seiler would not be fair and impartial while presiding over civil commitment proceedings, in violation of Canon 4A(1) of the Texas Code of Judicial Conduct. Moreover, Judge Seiler's public comments about specific offenders whose cases were subject to his court's continuing jurisdiction, did suggest to a reasonable person how he would rule when those individuals come before the court in future proceedings, in violation of Canon 3B(10) of the Texas Code of Judicial Conduct. Because Judge Seiler was recused from several civil commitment cases as a direct result of his presentation before the Texas Patriots PAC, the Commission concludes that his extrajudicial conduct interfered with the proper performance of his duties, in violation of Canon 4A(2) of the Texas Code of Judicial Conduct.

Public Reprimand and Order of Additional Education of Michael Thomas Seiler, 435th District Court Judge, CJC Nos. 12-0737-DI; 12-1143-DI; 13-0027-DI; 13-0235-DI; 13-0373-DI; 15-0129-DI;15-0374 (Comm'n Jud. Conduct Apr. 24, 2015). The Commission ordered Judge Seiler to obtain four hours of instruction with a mentor judge in the following areas: "(1) the appropriate treatment of attorneys, witnesses, and others with whom the judge deals in an official capacity; (2) avoiding bias and appearance of bias; and (3) avoiding extrajudicial conduct that casts doubt on a judge's capacity to act impartially and/or interferes with the proper performance of the judge's duties."

Additionally, the Texas Legislature originally vested exclusive authority over SVP cases in the 435th Judicial District Court in Montgomery County. *See*

5

Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.041(a), 1999 Tex. Gen. Laws 4122, 4146; *see also* Act of May 28, 2007, 80th Leg., R.S., ch. 1342, § 5, 2007 Tex. Gen. Laws 4563, 4564. The Texas Legislature has since repealed this provision and amended the SVP statute to remove this exclusive jurisdiction. *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, §§ 7, 39, 2015 Tex. Gen. Laws 2700, 2703, 2711. According to the amendment's Bill Analysis:

> [T]he court that conducts the civil commitment trial is a specialty court, the 435th [D]istrict Court of Montgomery County, with state employees serving as Special Prosecutors and the Texas Board of Criminal Justice, Office of State Counsel for Offenders as defense attorneys. The court is currently in complete disarray. Public statements by the elected judge from Montgomery County have rendered him ineffective and led to his recusal from hearing cases he is designated by statute to hear. This is having a negative impact on the entire Second Administrative Judicial District impacting 35 other counties.

Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 746, 84th Leg., R.S. (2015). However, the amendment does not preclude Judge Seiler from presiding over SVP cases, but rather provides that a petition alleging predator status may be filed "in the court of conviction for the person's most recent sexually violent offense[.]" Tex. Health & Safety Code Ann. § 841.041(a) (West Supp. 2015).

The misconduct of which Dupree complains occurred before the Commission's public reprimand. On May 7, 2015, when the assigned judge ruled on Dupree's motion, the Commission had issued its public reprimand of Judge

6

Seiler. Thus, the assigned judge was entitled to presume that, since being publicly reprimanded and the amending of the SVP statute, Judge Seiler would "divest himself of any previous conceptions, and . . . base his judgment, not on what he originally supposed but rather upon the facts as they are developed at the trial." *Lombardino v. Firemen's & Policemen's Civil Serv. Comm'n*, 310 S.W.2d 651, 654 (Tex. Civ. App.—San Antonio 1958, writ ref'd n.r.e.); *see Terry*, 2015 Tex. App. LEXIS 9570, at *7. In doing so, the assigned judge could reasonably conclude that Judge Seiler's statements did not constitute such bias or prejudice as to deny Dupree a fair trial. *See Winkle*, 434 S.W.3d at 311. Because the assigned judge did not abuse his discretion by denying Dupree's motion to recuse, we overrule Dupree's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 29, 2016
Opinion Delivered April 21, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.

7