

## NUMBER 13-14-00689-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**FRANKIE WAYNE NEALY,**                                                    **Appellant,**

**v.**

**ROBIN MICHELLE NEALY,**                                                    **Appellee.**

---

On appeal from the 36th District Court
of San Patricio County, Texas.

---

# ORDER

**Before the Court En Banc**
**Order Per Curiam**

This cause is before this Court on appellant's "Unsworn Declaration in Support of Motion to Recuse." Appellant's motion requests that Justice Gina M. Benavides and Justice Gregory T. Perkes be recused on the basis appellant cannot receive a fair and

impartial appeal because the justices "participated in my criminal conviction appeal, adversely ruling against me and upholding the trial court's judgment revoking my community supervision that resulted in a[n] aggravated life sentence plus 20 years."[1]

Rule 16 of the Texas Rules of Appellate Procedure states that the grounds for recusal of an appellate court justice are the same as those provided in the rules of Civil Procedure. TEX. R. APP. P. 16.2; *See also* TEX. R. CIV. P. 18a, 18b. Rule 18b(2) of the Texas Rules of Civil Procedure identifies the grounds for recusal. *See* TEX. R. CIV. P. 18b(2); *McCullough v. Kitzman*, 50 S.W.3d 87, 88 (Tex. App.BWaco 2001, pet. denied) (order). It provides that a judge shall recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, as asserted by appellant in this case. *See* TEX. R. CIV. P. 18b(2)(a)*.*

Rule 16.3 of the Texas Rules of Appellate Procedure prescribes the procedure to be followed for recusal of an appellate justice or judge before whom the case is pending. The Rule provides that before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc. *See* TEX. R. APP. P. 16.3(b). The challenged justice or judge

---

[1] On March 14, 2013, this Court issued a memorandum opinion before Justices Benavides, Vela, and Perkes with Justice Vela not participating because her term of office expired on December 31, 2012. The opinion affirmed the judgment of the trial court. *See Nealy v. State,* No. 13-11-00288-CR, 2013 WL 1092417 (Tex. App. Corpus Christi March 14, 2013, pet. ref'd).

must not sit with the remainder of the court to consider the motion as to him or her. *See id.*

Pursuant to the procedure outlined in Rule 16.3(b), upon the filing of the recusal motion and prior to any further proceedings in this appeal, each of the challenged justices of this Court considered the motion in chambers. *See* TEX. R. APP. P. 16.3(b). Justices Gina M. Benavides and Justice Gregory T. Perkes each found no reason to recuse themselves and certified the matter in writing to the remaining members of the court en banc. *See id.; McCullough v. Kitzman*, 50 S.W.3d at 88. The six justices met to deliberate and decide the motion to recuse with respect to each challenged justice by a vote of the remaining justices en banc. No challenged justice sat with the other members of the Court when his or her challenge was considered. *See* TEX. R. APP. P. 16.3(b).

The Court, having examined and fully considered the pleadings and the record as to the allegations pertaining to each challenged justice, and finding the allegations to be unsubstantiated, each motion to recuse is denied with respect to each challenged justice. This Court finds no reason to recuse Justice Gina M. Benavides or Justice Gregory T. Perkes. Accordingly, appellant's motion to recuse Justice Gina M. Benavides and Justice Gregory T. Perkes is DENIED.

It is so ORDERED.

PER CURIAM

Delivered and filed the
12th day of July, 2016.

3