

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00055-CV

_____

BRIAN A. SMALE, Appellant

V.

PAMELA ANN WILLIAMS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 18C156

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

The appellant, Brian A. Smale, appealed from the trial court's dismissal of his lawsuit after finding that the same claims had been raised and settled in a prior lawsuit. On February 8, 2019, this Court issued its opinion affirming the trial court's judgment.

On February 19, 2019, Smale filed a motion in this Court asking that each of the three justices of this Court recuse from deciding Smale's subsequently filed motion for rehearing. Smale seeks recusal because of the Court's "repeated orders against relief requested by Smale in multiple motions." Further, Smale contends that, because this Court's opinion failed to include either a concurrence or a dissent, the Court's "impartiality might reasonably be questioned."

Rule 16.3 of the Texas Rules of Appellate procedure states, in pertinent part:

> (a)     *Motion.* A party may file a motion to recuse a justice or judge before whom the case is pending. The motion must be filed promptly after the party has reason to believe that the justice or judge should not participate in deciding the case.

> (b)     *Decision.* Before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc. The challenged justice or judge must not sit with the remainder of the court to consider the motion as to him or her.

Tex. R. App. P. 16.3.

Pursuant to the procedure set forth in Rule 16.3(b), upon the filing of the recusal motion and prior to any further proceedings in this appeal, each of the challenged justices of this Court considered the motion in chambers. Chief Justices Josh R. Morriss, III, and Justices Ralph K. Burgess and Scott E. Stevens each found no reason to recuse themselves and certified the matter to the remaining members of the Court en banc. *See id.*; *McCullough v. Kitzman*, 50 S.W.3d 87,

2

88 (Tex. App.—Waco 2001, pet. denied). This Court then followed the accepted procedure set out in Rule 16.3(b). *See* TEX. R. APP. P. 16.3(b); *Manges v. Guerra*, 673 S.W.2d 180, 185 (Tex. 1984); *McCullough*, 50 S.W.3d at 88. Each recusal was considered on a case-by-case, fact-intensive basis. *See McCullough*, 50 S.W.3d at 89; *Williams v. Viswanathan*, 65 S.W.3d 685, 688 (Tex. App.—Amarillo 2001, order).

Having carefully examined the pleadings and record as to the allegations pertaining to each challenged justice and finding the allegations to be unsubstantiated, we issue the following orders:

### ORDER DENYING MOTION AS TO CHIEF JUSTICE JOSH R. MORRISS, III

This Court, Chief Justice Josh R. Morriss, III, not participating, finds no reason to recuse Chief Justice Morriss. *See* TEX. R. APP. P. 16.2; TEX. R. CIV. P. 18b(2). Accordingly, Smale's motion to recuse Chief Justice Morriss is denied.

IT IS SO ORDERED.

BY THE COURT
MORRISS, C.J., not participaing

Date: February 27, 2019

3

**ORDER DENYING MOTION AS TO JUSTICE RALPH K. BURGESS**

This Court, Justice Ralph K. Burgess not participating, finds no reason to recuse Justice Burgess. *See* TEX. R. APP. P. 16.2; TEX. R. CIV. P. 18b(2). Accordingly, Smale's motion to recuse Justice Burgess is denied.

IT IS SO ORDERED.

BY THE COURT<br>BURGESS, J., not participating

Date: February 27, 2019

**ORDER DENYING MOTION AS TO JUSTICE SCOTT E. STEVENS**

This Court, Justice Scott E. Stevens not participating, finds no reason to recuse Justice Stevens. *See* TEX. R. APP. P. 16.2; TEX. R. CIV. P. 18b(2). Accordingly, Smale's motion to recuse Justice Stevens is denied.

IT IS SO ORDERED.

BY THE COURT<br>STEVENS, J., not participating

Date: February 27, 2019