Frank J. LOMBARDINO, Appellant,

v.

FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF SAN ANTONIO et al., Appellees.

No. 13271.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 5, 1958.

Rehearing Denied March 5, 1958.

Richard C. Keene, James E. Barlow, Adrian A. Spears, San Antonio, for appellant.

Carlos C. Cadena, City Atty., Mayo J. Galindo, Asst. City Atty., San Antonio, for appellees.

BARROW, Justice.

This appeal is from a judgment of the District Court affirming an order of the Firemen's and Policemen's Civil Service Commission of the City of San Antonio, dismissing Frank J. Lombardino from the San Antonio Police Department.

It appears that on the 26th day of May, 1956, S. J. Matthews and George W. Bichsel, City Manager and Chief of Police, respectively, of the City of San Antonio, issued and caused to be delivered to appellant, Lombardino, a city detective, a notice and order indefinitely suspending him from the San Antonio Police Department as of said date. Appellant duly perfected his appeal to the Fire and Police Civil Service Commission of the City of San Antonio. Said notice and order contained four specific charges against appellant. The first charge was found by the Commission to be false and need not be further noticed. The second, third and fourth charges are as follows:

"*Rule XX, Section 120* provides that the following constitute grounds for dismissal:

"Acts of insubordination, and failure or refusal to carry out instructions. You are charged with owning, operating or working for, or participating in owning and operating a collection agency, doing business under the name of 'San Antonio Creditors' Association,' during the last six months while you were a detective in the San Antonio Police Department after express instructions from your superior officers to discontinue such activity. Such activity constituted insubordination, and willful refusal to carry out instructions.

"*Rule XX, Section 120*, makes violations of the following rule a ground for dismissal:

" 'No person shall, after the adoption of these rules, be employed in any gainful employment outside of his City job without the written approval of his department head.' Violation of the rules and regulations of the department, is also a ground for dismissal. Rule 89 of the department rules provides in part: 'No police officer shall engage in any outside business or employment without the written permission of the Chief of Police * * *. No police officer shall own, operate or have any interest in any business of any kind without written permission from the Chief of Police.'

"You are charged with owning, operating, or having an interest in the San Antonio Creditor's Association, a collection agency engaged in collection of delinquent accounts in the City of San Antonio, during the past six months without the written consent of the Chief of Police. This action violates the rules quoted above.

"Rule 48 of the rules and regulations of the police department provides: 'All officers shall obey all the laws of the United States, State of Texas, and Ordinances of the City of San Antonio.' Penal Code Article 380a prohibits the collection of debts by any peace officer for compensation. You are charged with operating a collection agency for compensation in violation of the above provision and rule."

On the 31st day of July, 1956, the said Commission signed and entered an order nunc pro tunc as of June 18, 1956. Said order found appellant, Lombardino, guilty of the second, third and fourth charges, and ordered that he be dismissed from the San Antonio Police Department, effective May 26, 1956. The specific findings of the Commission are as follows:

"The Commission finds that Mr. Lombardino was insubordinate and wilfully failed to carry out instructions by owning, operating, working and participating in the San Antonio Creditors Association after having

been ordered by his superior officers to discontinue from such activity.

"The Commission finds that Mr. Lombardino violated rule 89 of the Rules and Regulations of the Fire and Police Department in that he engaged in an outside business without the written permission of the Chief of Police.

"The Commission finds that Mr. Lombardino did in fact violate Article 380a of the penal code in that he collected debts as a peace officer for compensation."

The appellant appealed from said order to the District Court, and a full transcript of the evidence heard by the Commission was filed in the District Court and is before this Court. Both appellant and appellees presented motions for summary judgment, whereupon the court, after considering the same, overruled appellant's motion and sustained appellees' motion, and accordingly entered judgment that appellant take nothing.

■ Appellant contends that the Commission had not promulgated nor published the rules under which he had been discharged, and that therefore his motion for summary judgment should have been granted. It appears that appellant caused to be filed, among the papers in this cause, a certified copy of a pleading in Cause No. F–103,115, pending in another district court, in which appellees alleged that the Firemen's and Policemen's Civil Service Commission had never promulgated nor published any rules pursuant to the terms of Article 1269m, Revised Civil Statutes. This paper was not attached as an exhibit to the motion for summary judgment, it was not attached as an exhibit to any affidavit, nor is it made to appear that it was even called to the attention of the trial court. Appellant did not raise any such issue in his pleading, in his motion for judgment, nor in opposing appellees' motion. In fact, appellant presented an affi-

davit to the effect that the Commission had promulgated and published rules provided for under the statute. We think this pleading would have been admissible had it been introduced, just the same as any declaration against interest, but it is not conclusive and binding on appellees. We overrule this contention.

■ By appellant's second point he complains that the finding of the Commission that he did in fact violate Article 380a of the Penal Code of the State of Texas is not supported by substantial evidence. Article 380a of the Penal Code prohibits the collection of debts by any peace officer for compensation. It appears from the record that appellant and his wife, during his tenure as a police officer, had operated and did operate up to the time of the hearing, a collection agency and collected debts for merchants for compensation. The business was operated under the trade name of "San Antonio Creditor's Association." The evidence shows that they had a number of employees working under them, but that appellant during his spare hours was actually engaged in the conduct of this business. Notwithstanding the fact that appellant caused to be filed an assumed name certificate showing his wife as owner, we think the finding of the Commission is supported by substantial evidence.

■ By appellant's third point he complains that the Commission's finding that he engaged in an outside business without a written permit from the Chief of Police is without support in the evidence. By his fourth point appellant complains that the Commission's finding that he was "insubordinate" and "willfully failed to carry out instructions by owning, operating, working and participating in the San Antonio Creditors Association after having been ordered by his superior officers to discontinue such activity," because he contends that he had been given no such order by his superiors.

The third and fourth points will be considered together. It is true that there was

evidence that the Chief of Police had originally granted permission for appellant to engage in this business, but the permission had been withdrawn and appellant had been ordered to disassociate himself from this business and not engage therein. This evidence is not disputed and in fact was admitted by appellant. We think the charges complained about in points three and four are supported by substantial evidence.

 Appellant by his fifth point complains that two of the members of the Firemen's and Policemen's Civil Service Commission were disqualified to hear and determine the case against appellant for the reason that they had pre-judged and were prejudiced against him prior to the hearing. In this connection appellant submitted in the trial court, two affidavits to the effect that one of the members of the Commission stated in a speech to the city detectives, that if any of them came before the Commission for any reason they were going to be fired, or they would get the ax, or "words to that effect." This was denied by Commissioner Floyd Price, who made affidavit that he did not make such statements and entertained no such sentiments, but stated that inasmuch as the Grand Jury had made an investigation of the department, and because some bad members were bringing discredit upon the department, his purpose was to admonish them. He further stated that the action was not based upon pressure or public opinion, but upon evidence which fully substantiated the charges brought.

The law is well settled that neither the constitution nor the statutes make the expression or holding of an opinion a ground for disqualifying a judge. On the contrary, it is settled by many decisions that a judge is not incompetent to try a case because of opinions formed, held or expressed by him, concerning the issues involved, nor because he has personal knowledge of the facts of the case. It is presumed that a judge can and will divest himself of any previous conceptions, and that he will base his judgment, not on what he originally supposed but rather upon the facts as they are developed at the trial. 25 Tex.Jur. 266, Sec. 26. The Commission acts in a judicial capacity, and we believe this rule should be applied to it and its members. Moreover, the appellant is in the position of having submitted his case to the Commission with knowledge of the claimed disqualification and, after receiving an adverse ruling, raised the matter for the first time on appeal. Finding that the ruling of the Commission is amply supported by substantial evidence, appellant's fifth point is overruled.

Finding no error, the judgment of the trial court is affirmed.