**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00360-CV**
_____

**IN RE COMMITMENT OF CARL DOUGLAS LEWIS**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-11-12820-CV**

**OPINION**

The State of Texas filed a petition to commit Carl Douglas Lewis as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2015). A jury found that Lewis is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. In two appellate issues, Lewis challenges the denial of his motion to recuse the trial judge and his motion for directed verdict. We affirm the trial court's judgment and order of civil commitment.

## Motion to Recuse

In issue one, Lewis contends that Judge Michael T. Seiler should have been recused from presiding over Lewis's trial. We review the denial of a motion to recuse under an abuse of discretion standard. *In re Commitment of Winkle*, 434 S.W.3d 300, 310 (Tex. App.—Beaumont 2014, pet. denied). A judge must be recused when his "impartiality might reasonably be questioned[]" or he has a "personal bias or prejudice concerning the subject matter or a party[.]" Tex. R. Civ. P. 18b(b)(1), (2). The complaining party "must show that a reasonable person, with knowledge of the circumstances, would harbor doubts as to the impartiality of the trial judge, and that the bias is of such a nature and extent that allowing the judge to serve would deny the movant's right to receive due process of law." *Winkle*, 434 S.W.3d at 311.

In his motion to recuse, Lewis argued that Judge Seiler's conduct demonstrated a lack of impartiality. Lewis complained of comments that Judge Seiler made during speeches to the Texas Patriots PAC and the Montgomery County Republican Women, along with comments and slogans that Judge Seiler used during his re-election campaign. Lewis also pointed to Judge Seiler's recusals in other SVP cases. At the recusal hearing, Lewis argued that Judge Seiler had been publicly reprimanded by the Texas Judicial Conduct Commission ("the

Commission"). Lewis also argued that: (1) the Texas Legislature had before it an amendment to the SVP statute that sought to eliminate Judge Seiler's exclusive jurisdiction over SVP cases; (2) both attorneys and non-lawyers had questioned Judge Seiler's behavior; and (3) Dr. John Tennison, an expert witness, gave a deposition addressing the manner in which Judge Seiler treated him when he testified in SVP cases. The assigned judge denied Lewis's motion, stating that he did not believe that Judge Seiler's "attitude, the satire, the poor humor and, truthfully, the misconduct that the Commission found, has come into this court to deny individuals the right to a fair trial."

This Court has previously addressed whether Judge Seiler's campaign materials and speeches required recusal, and we held that "the assigned judge could reasonably conclude that Judge Seiler's statements did not constitute such bias or prejudice as to deny [the respondent] a fair trial." *In re Commitment of Terry*, No. 09-15-00053-CV, 2015 Tex. App. LEXIS 9570, \*\*4-7 (Tex. App.—Beaumont Sept. 10, 2015, pet. denied) (mem. op.); *see also Winkle*, 434 S.W.3d at 310-13. Moreover, that Judge Seiler has been recused in other cases is not dispositive regarding the issue of whether the assigned judge abused his discretion by denying Lewis's motion. *See McCullough v. Kitzman*, 50 S.W.3d 87, 89 (Tex.

3

App.—Waco 2001, pet. denied) ("The determination of whether recusal is necessary must be made on a case-by-case fact-intensive basis.").

As for the public reprimand, on April 24, 2015, the Commission found that:

> . . . Judge Seiler engaged in numerous instances in which he treated attorneys from the State Counsel for Offenders office, as well as one of their expert witnesses, in a manner that was less than patient, dignified and courteous. While a judge has a duty to maintain order and decorum in the courtroom, which may require that he take appropriate measures to address situations in which an attorney or witness may be acting inappropriately, Canon 3B(4) of the Texas Code of Judicial Conduct prohibits that judge from belittling, degrading and/or demeaning the attorney, witness, or anyone else with whom the judge deals in an official capacity. Moreover, Judge Seiler's comments . . . were sufficiently impatient, discourteous and undignified to cause a reasonable person to perceive that Judge Seiler harbored such a bias against the SCFO attorneys, their expert witness, and the offenders themselves, that a fair trial was not possible. Based on the incidents described above, the Commission concludes that Judge Seiler's conduct constituted willful and persistent violations of Canons 3B(4) and 3B(5) of the Texas Code of Judicial Conduct, and Article V, §I-a(6)A of the Texas Constitution.

> . . . Judge Seiler's presentation before the Texas Patriots PAC could cause a reasonable person to perceive that Judge Seiler would not be fair and impartial while presiding over civil commitment proceedings, in violation of Canon 4A(1) of the Texas Code of Judicial Conduct. Moreover, Judge Seiler's public comments about specific offenders whose cases were subject to his court's continuing jurisdiction, did suggest to a reasonable person how he would rule when those individuals come before the court in future proceedings, in violation of Canon 3B(10) of the Texas Code of Judicial Conduct. Because Judge Seiler was recused from several civil commitment cases as a direct result of his presentation before the Texas Patriots PAC, the Commission concludes that his extrajudicial conduct

interfered with the proper performance of his duties, in violation of Canon 4A(2) of the Texas Code of Judicial Conduct.

Public Reprimand and Order of Additional Education of Michael Thomas Seiler, 435th District Court Judge, Nos. CJC 12-0737-DI; 12-1143-DI; 13-0027-DI; 13-0235-DI; 13-0373-DI; 15-0129-DI;15-0374 (Comm'n Jud. Conduct Apr. 24, 2015). The Commission ordered Judge Seiler to obtain four hours of instruction with a mentor judge in the following areas: "(1) the appropriate treatment of attorneys, witnesses, and others with whom the judge deals in an official capacity; (2) avoiding bias and appearance of bias; and (3) avoiding extrajudicial conduct that casts doubt on a judge's capacity to act impartially and/or interferes with the proper performance of the judge's duties."

Additionally, the Texas Legislature originally vested exclusive authority over SVP cases in the 435th Judicial District Court in Montgomery County. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.041(a), 1999 Tex. Gen. Laws 4122, 4146; *see also* Act of May 28, 2007, 80th Leg., R.S., ch. 1342, § 5, 2007 Tex. Gen. Laws 4563, 4564. The Texas Legislature has since repealed this provision and amended the SVP statute to remove this exclusive jurisdiction. *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, §§ 7, 39, 2015 Tex. Gen. Laws 2700, 2703, 2711. According to the amendment's Bill Analysis:

5

> [T]he court that conducts the civil commitment trial is a specialty court, the 435th [D]istrict Court of Montgomery County, with state employees serving as Special Prosecutors and the Texas Board of Criminal Justice, Office of State Counsel for Offenders as defense attorneys. The court is currently in complete disarray. Public statements by the elected judge from Montgomery County have rendered him ineffective and led to his recusal from hearing cases he is designated by statute to hear. This is having a negative impact on the entire Second Administrative Judicial District impacting 35 other counties.

Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 746, 84th Leg., R.S. (2015). The amendment does not preclude Judge Seiler from presiding over SVP cases, but rather provides that a petition alleging predator status may be filed "in the court of conviction for the person's most recent sexually violent offense[.]" Tex. Health & Safety Code Ann. § 841.04(a) (West Supp. 2015).

The misconduct of which Lewis complains occurred before the Commission's public reprimand. On May 7, 2015, when the assigned judge ruled on Lewis's motion, the Commission had already issued its public reprimand of Judge Seiler. Thus, the assigned judge was entitled to presume that, since being publicly reprimanded and the amending of the SVP statute, Judge Seiler would "divest himself of any previous conceptions, and . . . base his judgment, not on what he originally supposed but rather upon the facts as they are developed at the trial." *See Lombardino v. Firemen's & Policemen's Civil Serv. Comm'n*, 310 S.W.2d 651, 654 (Tex. Civ. App.—San Antonio 1958, writ ref'd n.r.e.); *see Terry*,

6

2015 Tex. App. LEXIS 9570 at *7. The assigned judge could reasonably conclude that Judge Seiler's statements did not constitute such bias or prejudice as to deny Lewis a fair trial. *See Winkle*, 434 S.W.3d at 311. Because the assigned judge did not abuse his discretion by denying Lewis's motion to recuse, we overrule issue one.

## Motion for Directed Verdict

In issue two, Lewis challenges the trial court's denial of his motion for directed verdict. Lewis moved for a directed verdict on grounds that the State "proffered no psychiatric or medical testimony in order to support a finding of involuntary civil commitment as a sexually violent predator." Lewis argued that the Texas Constitution requires competent medical or psychiatric testimony before committing a person of unsound mind. The trial court denied the motion.

We review the denial of a motion for directed verdict under a legal sufficiency standard. *In re Commitment of Hatchell*, 343 S.W.3d 560, 564 (Tex. App.—Beaumont 2011, no pet.). We view the evidence in the light most favorable to the verdict to determine if a rational jury could have found, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Nicholson*, No. 09-13-00498-CV, 2014 Tex. App. LEXIS 10179, at **9-10 (Tex. App.—Beaumont Sept. 11, 2014, no pet.) (mem. op.). "It is the

factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts." *Id.*

Under the Texas Constitution, "[n]o person shall be committed as a person of unsound mind except on competent medical or psychiatric testimony." Tex. Const. Art. I, § 15-a. In *Beasley v. Molett*, 95 S.W.3d 590 (Tex. App.—Beaumont 2002, pet. denied), we held that the SVP statute's provisions, "when read together with the constitutional requirement that an involuntary commitment not occur in the absence of competent medical or psychiatric testimony, indicate the legislature intended there be competent medical or psychiatric testimony to support an involuntary commitment under the Act, and provided for it therein." *Beasley*, 95 S.W.3d at 598. The current version of the SVP statute, however, provides that "[a] person who suffers from a behavioral abnormality as determined under this chapter is *not because of that abnormality a person of unsound mind* for purposes of Section 15-a, Article I, Texas Constitution." Tex. Health & Safety Code Ann. § 841.1461 (West 2010) (emphasis added).

On appeal, Lewis argues that the Texas Legislature cannot "legislate around the requirement of the Texas Constitution, and on its own declare that alleged sexually violent predators are not of 'unsound mind.'" In our view, the Texas Constitution's phrase "committed as a person of unsound mind" does not include a

8

person committed under the SVP statute. "The intended result of the [SVP] statute is to prevent repeated predatory behavior by providing sex offender treatment to persons afflicted with a difficulty controlling their behavior that predisposes them to sexual violence to the extent they become a menace to the health and safety of others." *In re Commitment of Rushing*, No. 09-11-00268-CV, 2012 Tex. App. LEXIS 8140, at *6 (Tex. App.—Beaumont Sept. 27, 2012, no pet.) (mem. op.). As the Texas Supreme Court has explained, although the medical diagnosis of a person's mental health may inform an assessment of whether he has a behavioral abnormality under the SVP statute, "the principal issue in a commitment proceeding is not a person's mental health but whether he is predisposed to sexually violent conduct." *In re Commitment of Bohannan*, 388 S.W.3d 296, 306 (Tex. 2012).[1] Accordingly, "[t]he usefulness of the expert's opinion in assisting the trier-of-fact rests not on the type of license the expert holds but on the expert's knowledge, training, and experience in dealing with sexual offenders." *Id*. Because a mental disorder is not a prerequisite to commitment under the SVP statute, we conclude that civil commitment proceedings of an SVP do not constitute commitment of a person of unsound mind. *See id*.; *see also In re Commitment of*

---

[1]The Texas Supreme Court assumed, without deciding, that "the constitution is no impediment to the admission of non-medical expert testimony in an SVP commitment proceeding." In re Commitment of Bohannan, 388 S.W.3d 296, 304 (Tex. 2012).

*Richard*, No. 09-13-00539-CV, 2014 Tex. App. LEXIS 6974, at \*6 (Tex. App.—Beaumont June 26, 2014, pet. denied) (mem. op.), *cert. denied*, 135 S. Ct. 1747, 191 L. Ed. 2d 712 (2015).

In this case, Dr. Jason Dunham, a forensic psychologist, testified that Lewis suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Dunham identified Lewis's risk factors, and he explained that Lewis is sexually deviant, has not received sex offender treatment, and has indicated that he will likely not seek treatment, and has had sexual misconduct cases in prison. Dunham testified that Lewis's score on the Static-99R actuarial test demonstrated a moderate to high risk of being reconvicted for a sexual offense. Dunham also diagnosed Lewis with unspecified paraphilic disorder and personality disorder not otherwise specified with antisocial and narcissistic features. Viewing the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *See Nicholson*, 2014 Tex. App. LEXIS 10179, at \*\*9-10. Because no other medical or psychiatric testimony was required, the trial court properly denied Lewis's motion for directed verdict. *See Hatchell*, 343 S.W.3d at 564. We overrule issue two and affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 2, 2016
Opinion Delivered May 12, 2016

Before McKeithen, C.J., Horton and Johnson, JJ.