**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00498-CV**

_____

**IN RE COMMITMENT OF LONNIE KADE WELSH**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-05-00659-CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Lonnie Kade Welsh (Welsh) as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2015) (SVP statute). On October 14, 2015, a jury found that Welsh is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. Welsh filed a notice of appeal. In two issues, Welsh challenges the constitutionality of the SVP statute, as amended, and the denial of his motion to recuse the trial judge. We affirm the trial court's judgment and order of civil commitment.

1

## Constitutional Challenge

In his first issue, Welsh argues that the SVP statute "as amended by Senate Bill 746 is facially unconstitutional because it requires all persons adjudicated as sexually violent predators to live in oppressive confinement with no evidence they cannot be treated in an outpatient model first, and as amended fails the 'intent-effects test' utilized by the Texas Supreme Court in *In re Commitment of Fisher*, 164 S.W.3d 637 (Tex. 2005)." Welsh contends that the findings of the trial court judge as to another civilly committed person, Alonzo May, equally apply to Welsh, and Welsh argues that "at least five out of six of the 'intents-effects' test factors as analyzed in *Fisher* have been rendered moot by SB 746."

Effective June 17, 2015, Senate Bill 746 amended Chapter 841 of the Texas Health and Safety Code in several respects. *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, 2015 Tex. Sess. Law Serv. 2701, 2701-12. The Legislature created a new state agency, the Texas Civil Commitment Office (TCCO), with the responsibility for treatment and supervision of sexually violent predators.[1] *Id.* § 3 (current version at Tex. Health & Safety Code Ann. § 841.007 (West Supp. 2015)).

---

[1] *See* Tex. Gov't Code Ann. § 420A.002 (West Supp. 2015). Throughout this opinion we refer to the Texas Civil Commitment Office by its acronym, "TCCO." We refer to its predecessor agency, the Office of Violent Sex Offender Management, as "OVSOM." In some places in this opinion, we refer to Chapter 841 of the Texas Health and Safety Code as "the SVP statute."

The Legislature required the TCCO to develop a tiered program of supervision and treatment that provides a seamless transition from a total confinement facility to less restrictive housing and supervision and eventual release from civil commitment, based on the person's behavior and progress in treatment. *Id.* § 16 (current version at Tex. Health & Safety Code Ann. § 841.0831 (West Supp. 2015)). Under the statute as amended, the TCCO transfers a committed person to less restrictive housing and supervision if the transfer is in the best interests of the person and conditions can be imposed that adequately protect the community, and a committed person may petition the court for a transfer to less restrictive housing and supervision. *Id.* (current version at Tex. Health & Safety Code § 841.0834 (West Supp. 2015)). The enacting language of SB 746 provides:

> If a civil commitment requirement imposed under Chapter 841, Health and Safety Code, before the effective date of this Act differs from any of the civil commitment requirements listed in Section 841.082, Health and Safety Code, as amended by this Act, the applicable court with jurisdiction over the committed person shall, after notice and hearing, modify the requirement imposed as applicable to conform to that section.

*Id.* § 40(b).

The statutory amendments about which Welsh complains became effective on June 17, 2015, and Welsh's trial began on October 12, 2015. The appellate record indicates that Welsh did not raise the issue of the constitutionality of the

3

amended SVP statute before or during trial, and he failed to raise the issue in his motion for new trial. Generally, to preserve a complaint for appellate review, the complaining party must present the complaint to the trial court by timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1).

We apply the preservation rule to constitutional challenges. *See In re L.M.I.*, 119 S.W.3d 707, 710-11 (Tex. 2003) (parent failed to preserve his due process challenge); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002) (party failed to raise constitutional argument that trial court's ruling violated open-courts provision in response to summary judgment motion and thus did not preserve it for appeal); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (party waived due process and equal protection challenges by failing to raise them in trial court); *Lowe v. Jefferson Dental Clinics*, No. 05-11-00902-CV, 2012 Tex. App. LEXIS 3796, at **4-5 (Tex. App.—Dallas May 14, 2012, no pet.) (mem. op.) (appellant failed to preserve her challenge to the constitutionality of Chapter 74 by failing to raise the complaint in the trial court); *In re J.R.N.*, No. 09-08-00029-CV, 2010 Tex. App. LEXIS 2280, at **8-9 (Tex. App.—Beaumont Apr. 1, 2010, no pet.) (mem. op.) ("The law is well settled that even constitutional errors may be waived by failure to raise the issues at trial."). Welsh did not raise his constitutional

arguments in the trial court. Therefore, he failed to preserve the issue for appellate review. *See* Tex. R. App. P. 33.1. We overrule Welsh's first issue.[2]

## Motion to Recuse

In his second issue, Welsh argues that the trial court erred in denying Welsh's motion to recuse Judge Michael T. Seiler, the trial court judge. We review the denial of a motion to recuse under an abuse of discretion standard. *See* Tex. R. Civ. P. 18a(j); *In re Commitment of Winkle*, 434 S.W.3d 300, 310 (Tex. App.—Beaumont 2014, pet. denied). A judge must be recused when his "impartiality might reasonably be questioned[]" or he has a "personal bias or prejudice concerning the subject matter or a party[.]" Tex. R. Civ. P. 18b(b)(1), (2). The complaining party "must show that a reasonable person, with knowledge of the circumstances, would harbor doubts as to the impartiality of the trial judge, and that the bias is of such a nature and extent that allowing the judge to serve would deny the movant's right to receive due process of law." *Winkle*, 434 S.W.3d at 311.

---

[2] Nevertheless, even if Welsh had preserved his constitutional challenge, we would still overrule his first issue. This court recently examined the constitutionality of the SVP statute, as amended, in *In re Commitment of May*, No. 09-15-00513-CV, 2016 Tex. App. LEXIS 8058 (Tex. App.—Beaumont July 28, 2016, no pet. h.). In *May*, we reversed the trial court and concluded that the statute is constitutional, and we specifically examined and applied the factors as outlined in *Fisher*. *Id*. For the same reasons discussed in *May*, we conclude the statute remains civil and we reject Welsh's constitutional challenge.

5

Welsh filed a pre-trial motion to recuse Judge Seiler wherein he argued that Seiler's statements and conduct demonstrated a lack of impartiality. An assigned judge was appointed to hear the recusal motion. The recusal hearing in Welsh's case was held on May 7, 2015, and it was combined with six other recusal motions pertaining to Judge Seiler from six other SVP commitment proceedings. The assigned judge noted at the beginning of the hearing on the recusal motions that he had reviewed all of the recusal motions and exhibits filed therewith. No live witnesses testified at the recusal hearing.

In his motion to recuse and at the recusal hearing, Welsh complained of comments that the trial Judge made during speeches to the Texas Patriots PAC and the Montgomery County Republican Women, along with comments and slogans that Judge Seiler used during his election campaign in 2008 and 2012. Welsh also pointed to the recusal of Judge Seiler in other SVP cases and attached copies of a transcript from a recusal hearing in September 2014, and a recusal hearing in December 2014, as well as the corresponding trial court orders of recusal in such matters.

At the recusal hearing, Welsh argued that Judge Seiler had also been publicly reprimanded by the Texas Judicial Conduct Commission ("the Commission"). Welsh also argued that: (1) a State Senator in the Texas Legislature

had introduced an amendment to the SVP statute that sought to eliminate Judge Seiler's exclusive jurisdiction over SVP cases; (2) both attorneys and non-lawyers had questioned Judge Seiler's behavior; and (3) Dr. John Tennison, an expert witness, gave a deposition addressing the manner in which Judge Seiler treated him when he testified in SVP cases. The assigned recusal judge denied Welsh's motion, stating that he did not believe that Judge Seiler's "attitude, the satire, the poor humor and, truthfully, the misconduct that the Commission found, has come into this court to deny individuals the right to a fair trial."

We have recently examined the arguments and evidence from this same recusal hearing with respect to two of the other civil commitment defendants whose recusal motions were heard during the hearing held on May 7, 2015. *See In re Lewis*, No. 09-15-00360-CV, 2016 Tex. App. LEXIS 5046 (Tex. App.—Beaumont May 12, 2016, pet. filed); *In re Massingill*, No. 09-15-00365-CV, 2016 Tex. App. LEXIS 4769 (Tex. App.—Beaumont May 5, 2016, pet. filed) (mem. op.).

As we noted in *Lewis* and *Massingill*, this Court has previously addressed whether Judge Seiler's campaign materials and speeches required recusal, and we held that "'the assigned judge could reasonably conclude that Judge Seiler's statements did not constitute such bias or prejudice as to deny [the respondent] a

7

fair trial.'" *See Lewis*, 2016 Tex. App. LEXIS 5046, at *3 (quoting *In re Commitment of Terry*, No. 09-15-00053-CV, 2015 Tex. App. LEXIS 9570, **4-7 (Tex. App.—Beaumont Sept. 10, 2015, pet. denied) (mem. op.)); *Massingill*, 2016 Tex. App. LEXIS 4769, at **3-4 (same); *see also Winkle*, 434 S.W.3d at 310-13. The fact Judge Seiler has been recused in other cases is not dispositive regarding the issue of whether the assigned judge abused his discretion by denying Welsh's motion because the determination of whether a recusal is necessary is decided on a "case by case" basis. *See Lewis*, 2016 Tex. App. LEXIS 5046, at *3; *Massingill*, 2016 Tex. App. LEXIS 4769, at *4; *see also McCullough v. Kitzman*, 50 S.W.3d 87, 89 (Tex. App.—Waco 2001, pet. denied) ("The determination of whether recusal is necessary must be made on a case-by-case fact-intensive basis.").

As for the public reprimand, on April 24, 2015, the Commission found that:

> . . . Judge Seiler engaged in numerous instances in which he treated attorneys from the State Counsel for Offenders office, as well as one of their expert witnesses, in a manner that was less than patient, dignified and courteous. While a judge has a duty to maintain order and decorum in the courtroom, which may require that he take appropriate measures to address situations in which an attorney or witness may be acting inappropriately, Canon 3B(4) of the Texas Code of Judicial Conduct prohibits that judge from belittling, degrading and/or demeaning the attorney, witness, or anyone else with whom the judge deals in an official capacity. Moreover, Judge Seiler's comments . . . were sufficiently impatient, discourteous and undignified to cause a reasonable person to perceive that Judge Seiler harbored such a bias against the SCFO attorneys, their expert witness, and the offenders themselves, that a fair trial was not possible. Based

8

> on the incidents described above, the Commission concludes that Judge Seiler's conduct constituted willful and persistent violations of Canons 3B(4) and 3B(5) of the Texas Code of Judicial Conduct, and Article V, §I-a(6)A of the Texas Constitution.
>
> . . . Judge Seiler's presentation before the Texas Patriots PAC could cause a reasonable person to perceive that Judge Seiler would not be fair and impartial while presiding over civil commitment proceedings, in violation of Canon 4A(1) of the Texas Code of Judicial Conduct. Moreover, Judge Seiler's public comments about specific offenders whose cases were subject to his court's continuing jurisdiction, did suggest to a reasonable person how he would rule when those individuals come before the court in future proceedings, in violation of Canon 3B(10) of the Texas Code of Judicial Conduct. Because Judge Seiler was recused from several civil commitment cases as a direct result of his presentation before the Texas Patriots PAC, the Commission concludes that his extrajudicial conduct interfered with the proper performance of his duties, in violation of Canon 4A(2) of the Texas Code of Judicial Conduct.

Public Reprimand and Order of Additional Education of Michael Thomas Seiler, 435th District Court Judge, Nos. CJC 12-0737-DI; 12-1143-DI; 13-0027-DI; 13-0235-DI; 13-0373-DI; 15-0129-DI; 15-0374 (Comm'n Jud. Conduct Apr. 24, 2015). The Commission ordered Judge Seiler to obtain four hours of instruction with a mentor judge in the following areas: "(1) the appropriate treatment of attorneys, witnesses, and others with whom the judge deals in an official capacity; (2) avoiding bias and appearance of bias; and (3) avoiding extrajudicial conduct that casts doubt on a judge's capacity to act impartially and/or interferes with the proper performance of the judge's duties." *Id.*

9

Additionally, although the Texas Legislature originally vested exclusive authority over SVP cases in the 435th Judicial District Court in Montgomery County, the Texas Legislature has since repealed this provision and amended the SVP statute to remove this exclusive jurisdiction. *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, §§ 7, 39, 2015 Tex. Gen. Laws 2700, 2703, 2711; *cf.* Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.041(a), 1999 Tex. Gen. Laws 4122, 4146. According to the 2015 amendment's Bill Analysis:

> The court that conducts the civil commitment trial is a specialty court, the 435th District Court of Montgomery County, with state employees serving as Special Prosecutors and the Texas Board of Criminal Justice, Office of State Counsel for Offenders as defense attorneys. The court is currently in complete disarray. Public statements by the elected judge from Montgomery County have rendered him ineffective and led to his recusal from hearing cases that he is designated by statute to hear. This is having a negative impact on the entire Second Administrative Judicial District impacting 35 other counties.

Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 746, 84th Leg., R.S. (2015). In *Lewis* and *Massingill*, we noted that "[t]he amendment does not preclude Judge Seiler from presiding over SVP cases, but rather provides that a petition alleging predator status may be filed 'in the court of conviction for the person's most recent sexually violent offense[.]'" *See Lewis*, 2016 Tex. App. LEXIS 5046, at **6-7 (quoting Tex. Health & Safety Code Ann. § 841.04(a) (West Supp. 2015)); *Massingill*, 2016 Tex. App. LEXIS 4769, at *7 (same).

10

Additionally, as previously noted in *Lewis* and *Massingill*, the misconduct of Judge Seiler about which Welsh complains occurred before the Commission's public reprimand. On May 7, 2015, when the assigned recusal judge ruled on Welsh's motion, the Commission had already issued its public reprimand of Judge Seiler. Thus, the assigned recusal judge was entitled to presume that, since being publicly reprimanded and the amending of the SVP statute, Judge Seiler would "'divest himself of any previous conceptions, and . . . base his judgment, not on what he originally supposed but rather upon the facts as they are developed at the trial.'" *See Lewis*, 2016 Tex. App. LEXIS 5046, at \*7 (quoting *Lombardino v. Firemen's & Policemen's Civil Serv. Comm'n*, 310 S.W.2d 651, 654 (Tex. Civ. App.—San Antonio 1958, writ ref'd n.r.e.)); *Massingill*, 2016 Tex. App. LEXIS 4769, at \*8 (same). The assigned recusal judge could have reasonably concluded that Judge Seiler's statements did not constitute such bias or prejudice as to deny Welsh a fair trial. *See Winkle*, 434 S.W.3d at 311. Because the assigned judge did not abuse his discretion by denying Welsh's motion to recuse, we overrule issue two.

Having overruled both issues raised by Welsh, we affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on May 25, 2016
Opinion Delivered August 25, 2016

Before Kreger, Horton and Johnson, JJ.