

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00502-CV

_____

JANA SHEPHERD, Appellant

V.

HELEN PAINTER & CO., CATHERINE TAYLOR, AMY DEFOREST,
YOUNGER RANCH, LLC, SCOTT REAL ESTATE, AND SHILA MANLEY,
Appellees

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-295290-17

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

In a previous appeal involving these parties, Appellant Jana Shepherd, proceeding pro se, appealed from a final judgment. That appeal was later transferred to the Amarillo Court of Appeals pursuant to an order of the Texas Supreme Court. Transfer of Cases from Courts of Appeals, Misc. Docket No. 22-9083 (Tex. Sept. 27, 2022). While that appeal was pending, a dispute arose regarding Shepherd's claim of indigency. On November 15, 2022, the Amarillo Court of Appeals abated the appeal and remanded the case to the trial court to conduct a hearing to determine Shepherd's indigency status. *Shepherd v. Helen Painter & Co.*, No. 07-22-00314-CV, 2022 WL 16950283, at *1 (Tex. App.—Amarillo Nov. 15, 2022, order). While on remand, Shepherd filed a motion to recuse the trial judge, and that motion was denied by another judge assigned to hear the motion.

Shepherd, again proceeding pro se, has now filed a second notice of appeal, this time attempting to appeal the order denying her motion to recuse the trial judge.[1] On December 20, 2022, we sent Shepherd a letter expressing our concern that we do not have jurisdiction over this second appeal because it is not from a final judgment on appeal in our court. *See* Tex. R. Civ. P. 18a(j)(1)(A) ("An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final

---

[1]In her second notice of appeal, Shepherd stated that the appeal was "being taken to the 7th Court of Appeals in Amarillo," and she listed the cause number for the appeal pending in the Amarillo Court of Appeals in the case style. Despite that language, the appeal was ultimately filed in our court.

judgment."); *see also In re Commitment of Lewis*, 495 S.W.3d 341, 343 (Tex. App.—Beaumont 2016, pet. denied) (raising challenge to denial of recusal motion in issue brought from appeal of final judgment); *Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 374 (Tex. App.—Dallas 2005, no pet.) (same). We informed Shepherd that unless she filed a response showing grounds for continuing the appeal, we would dismiss it. *See* Tex. R. App. P. 42.3(a), 44.3. While Shepherd has filed a response, it does not show grounds for continuing the appeal. Accordingly, we dismiss her appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 43.2(f); Tex. R. Civ. P. 18a(j)(1)(A).

/s/ Dana Womack

Dana Womack
Justice

Delivered: January 19, 2023

---

[2]We note that on December 27, 2022, the Amarillo Court of Appeals reinstated Shepherd's appeal from the final judgment. We also note that during the pendency of this appeal, Shepherd sent us a copy of a "Notice of Appeal on Order Granting Court Reporter's Motion to Pay Court Costs, Abuse of Discretion of Denying Witness from Legal Aid" that was filed in the Amarillo Court of Appeals. Because that notice of appeal was filed in the Amarillo Court of Appeals, we decline to take any action on it.