

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00007-CV

_____

JANA SHEPHERD, Appellant

V.

HELEN PAINTER & CO., CATHERINE TAYLOR, AMY DEFOREST, YOUNGER RANCH, LLC, SCOTT REAL ESTATE, AND SHILA MANLEY, Appellees

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-295290-17

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

In a previous appeal involving these parties, Appellant Jana Shepherd, proceeding pro se, appealed from a final judgment. That appeal was later transferred to the Amarillo Court of Appeals pursuant to an order of the Texas Supreme Court. Transfer of Cases from Courts of Appeals, Misc. Docket No. 22-9083 (Tex. Sept. 27, 2022). While that appeal was pending, a dispute arose regarding Shepherd's claim of indigency. On November 15, 2022, the Amarillo Court of Appeals abated the appeal and remanded the case to the trial court to determine Shepherd's indigency status. *Shepherd v. Helen Painter & Co.*, No. 07-22-00314-CV, 2022 WL 16950283, at *1 (Tex. App.—Amarillo Nov. 15, 2022, order).

While on remand, Shepherd filed at least two motions to recuse the trial judge. One of those motions was denied by the judge assigned to hear it on December 14, 2022, and another was denied by the judge assigned to hear it on December 28, 2022. Shepherd previously filed an appeal in this court of the December 14, 2022 order denying her motion to recuse the trial judge. We recently dismissed that appeal for want of jurisdiction. *See Shepherd v. Helen Painter & Co.*, No. 02-22-00502-CV, 2023 WL 308192, at *1 (Tex. App.—Fort Worth Jan. 19, 2023, no pet. h.) (mem. op.)

Shepherd now attempts to appeal the December 28, 2022 order denying her motion to recuse the trial judge. On January 10, 2023, we sent Shepherd a letter expressing our concern that we do not have jurisdiction over this appeal because it is not from a final judgment on appeal in our court. *See* Tex. R. Civ. P. 18a(j)(1)(A)

("An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."); *see also In re Commitment of Lewis*, 495 S.W.3d 341, 343 (Tex. App.—Beaumont 2016, pet. denied) (raising challenge to denial of recusal motion in issue brought from appeal of final judgment); *Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 374 (Tex. App.—Dallas 2005, no pet.) (same). We informed Shepherd that unless she filed a response on or before January 20, 2023, showing grounds for continuing the appeal, we would dismiss it. *See* Tex. R. App. P. 42.3(a), 44.3. We have received no response. Accordingly, we dismiss this appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 43.2(f); Tex. R. Civ. P. 18a(j)(1)(A).

/s/ Dana Womack

Dana Womack
Justice

Delivered: February 23, 2023

---

[1] We note that on December 27, 2022, the Amarillo Court of Appeals reinstated Shepherd's appeal from the final judgment. We also note that on January 27, 2023, Shepherd filed an amended notice of appeal with the Amarillo Court of Appeals in which she stated that she desired to appeal both the December 14, 2022 order denying her recusal motion and the December 28, 2022 order denying her recusal motion through that appeal.